COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Bumgardner and
          Senior Judge Hodges


TOMMIE BRANCH
                                    MEMORANDUM OPINION*
v.    Record No. 1504-01-3              PER CURIAM
                                     OCTOBER 23, 2001
JAMES MADISON UNIVERSITY/
 COMMONWEALTH OF VIRGINIA


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Terry L. Armentrout; Armentrout &
            Armentrout, P.L.C., on brief), for appellant.

            (Randolph A. Beales, Attorney General; Judith
            Williams Jagdmann, Deputy Attorney General;
            Gregory E. Lucyk, Senior Assistant Attorney
            General; Donald G. Powers, Assistant Attorney
            General, on brief), for appellee.


     Tommie Branch (claimant) contends that the Workers'

Compensation Commission erred in finding that he failed to prove

he was entitled to an award of permanent partial disability

("PPD") benefits based upon a twenty percent impairment rating

for loss of each of his legs as a result of his compensable

November 23, 1996 lower back injury.  Upon reviewing the record

and the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

_____

      * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying claimant's application, the commission found as follows:

> [W]e note no evidence in the record that the permanency rating assigned by Dr. J. Phillips is based on an examination either contemporaneous with, or prior to, his response of June 23, 2000. We cannot determine from the record what criteria was used by Dr. Phillips in rendering his opinion. Further, the medical record establishes that the claimant continued to complain of pain in the absence of any reports of weakness, numbness or atrophy documented by Dr. J. Phillips. In addition, there is no report of muscle spasm in the lower back and an absence of any objective diagnostic testing, i.e., MRI results, to establish stenosis or foraminal encroachment. While there are intermittent findings of positive straight leg raises either unilaterally or bilaterally, there is nothing in the record from which we can render a finding that these test results are correlative with any loss of functionality of the lower extremities.
>
> Regarding any symptomatology attributable to either leg, we note that the vast majority of the medical documentation relates solely to the right leg with little evidence of any symptoms in the left leg. There is evidence of occasional complaints of numbness extending to the right foot, but

-

no evidence that that [sic] this condition
was continuous or in any manner significant
enough to affect the functionality of that
limb.  While we note numerous reports that
the claimant's lumbar range of motion is
limited, we also note that Dr. J. Phillips
indicated that this limitation was
"voluntary" by the claimant.  In the latter
part of 1998 Dr. J. Phillips noted that the
claimant was experiencing difficulty working
and driving.  However, the record does not
reflect continuing problems in that regard.
In May 1999 Dr. J. Phillips advised the
claimant he was unable to work and should
apply for Social Security Disability
benefits.  It appears from a fair reading of
the record that this opinion was based on
continuing complaints of pain and
depression.

"Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).  Contrary to claimant's assertions on appeal, the commission did not simply accept the opinion of Dr. Stephen L. Phillips, who examined claimant at employer's request, over the opinion of the treating physician, Dr. J. Phillips.  Rather, the commission, as fact finder, weighed all of the medical evidence, and articulated specific reasons for rejecting Dr. J. Phillips' opinions.  In light of these reasons, the commission was entitled to conclude that Dr. J. Phillips' opinions did not constitute sufficient evidence to prove that claimant sustained a twenty percent permanent impairment to both legs.

-

Because the medical evidence was subject to the commission's factual determination, we cannot find as a matter of law that claimant's evidence sustained its burden of proof. Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>